

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

jegan@seyfarth.com

T (212) 218-5291

www.seyfarth.com

April 2, 2025

**VIA E-MAIL**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

*Re:*   *Redd v. Radnet, Inc., et al.* **(Case No. 1:25-cv-00548-JPC)**

Dear Judge Cronan:

      We write as counsel for Defendants Radnet Management, Inc. ("Radnet") (incorrectly identified in the Complaint as "Radnet, Inc.") and Mid Rockland Imaging Partners, Inc. ("Mid Rockland") (collectively "Defendants") in the above-referenced action commenced by Plaintiff Garrison Redd ("Plaintiff"), which alleges violations of Title III of the Americans with Disabilities Act ("ADA") and analogous state and city laws (the "Action").  Pursuant to Rule 6(A) of Your Honor's Individual Rules and Practices in Civil Cases, and with the consent of Plaintiff, Defendants respectfully request that the Court set aside the Clerk of Court's entry of default against Defendants (ECF No. 16).  Defendants enclose herewith their proposed Answer and Affirmative and Other Defenses.

      Plaintiff filed the Complaint in the Action on January 19, 2025.  (ECF No. 1.)  In affidavits filed with the Court on February 6 (ECF Nos. 5, 6), Plaintiff represented that he served Mid Rockland on February 3, 2025, and Radnet on February 4, 2025.  Plaintiff purportedly served Defendants by way of the New York Secretary of State.

      Mid Rockland did not become aware of this Action until February 24, 2025, after it received the Summons and Complaint by Certified U.S. Mail, on the same date  when its responsive pleading deadline was due.  Defendants do not have any record of service as respects Radnet by way of the New York Secretary of State.  Defendants' Legal Department thereafter required additional time to locate counsel experienced in matters of architectural accessibility in New York, and  engage co-Defendant 1790 Broadway Associates LLC on certain lease-related matters bearing on the defense and indemnification of Defendants in this matter.

      On March 26, 2025, Plaintiff filed a Request for the Clerk of the Court to enter default against Defendants.  (ECF No. 15.)  The Clerk of Court issued a certificate of default against Defendants that same day.  (ECF No. 16.)  The undersigned reached out to Plaintiff's counsel on March 27 promptly after being engaged to request consent for setting aside this entry of default,



and received Plaintiff's consent for this application on April 1. On March 28, the Court issued an Order scheduling the Initial Pretrial Conference for April 14, 2025. (ECF No. 17.)

Pursuant to Fed. R. Civ. P. 55(c), an entry of default may be set aside when defendants demonstrate "good cause," which is a "less rigorous" burden than the "excusable neglect" standard required to set aside a default judgment pursuant to Fed. R. Civ. P. 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d. Cir. 1981) (citations omitted). Indeed, a default judgment is an "extreme sanction," which "must remain a weapon of last, rather than first, resort." *Id.* at 277. When considering whether to set aside an entry of default against a party, the Court is guided by "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.*

Defendants can demonstrate "good cause" for their delay in responding to the Complaint. As described in further detail below: (1) Defendants' failure to timely respond to the Complaint was not willful; (2) setting aside the entry of default against Defendants would not prejudice Plaintiff; and (3) Defendants have meritorious defenses against the allegations in the Complaint.

The default was attributable to administrative delays beyond Defendants' control, and not due to any dilatory or willful reason. "Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith." *Parisienne v. Heykorean, Inc.*, No. 19-CV-2257 (VSB), 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) (citations omitted). In determining willfulness, courts in this District look to "the defaulting party's actions after it became aware of the existence of the litigation or entry of default" as a defendant's prompt response upon learning of the action does not constitute willful default. *Id.* (citations omitted). In *Laffont v. Smarten Media LLC*, No. 19 CIV. 9456 (AKH), 2020 WL 7232094, at *1 (S.D.N.Y. Sept. 15, 2020), the court found that the default was not willful when the defendant did not receive personal service of the complaint despite proper service on the Secretary of State and its failure to act after learning of the complaint was based on a misunderstanding with a litigant's intentions and the litigation process. In the matter at hand, Defendants similarly were subject to administrative delays that made it practically impossible to respond to the Complaint by the deadline, and thereafter undertook measures to locate suitable counsel and make contact with counsel for Plaintiff. Under these circumstances, courts have found that the defaulting parties conduct is not willful. *See id.*, *see also Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) (recognizing that "a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful").

Further, setting aside the entry of default will not prejudice Plaintiff. A plaintiff is prejudiced by a defendant's default where the delay results in a loss of evidence, creates increased difficulties of discovery, or provides greater opportunity for fraud or collusion. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ("delay alone is not sufficient basis for establishing prejudice"); *see also Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (to establish prejudice, plaintiff must show that delay will result in loss of evidence or provide greater opportunity for fraud and collusion). Those concerns are not present in this case. To the contrary, this proceeding is in its very early stages, before the Initial Pretrial Conference, and Plaintiff agrees that the entry of default should be set aside and that the dispute should either be resolved between the parties or litigated on its merits.

Finally, Defendants have meritorious defenses to the allegations in the Complaint. Defendants do not own, operate, lease or otherwise control the common area elements that are


at issue in the Complaint. To the extent that Plaintiff seeks an order from the Court directing certain accessibility-related alterations at the premises at issue, even if Defendants have the requisite property interest in the conditions that Plaintiff alleges are non-compliant, the requested alterations are not Readily Achievable as respects pre-ADA conditions, or technically feasible under the applicable ADA Standards for Accessible Design.

Under these circumstances, the Court should adhere to the strong policy of determining cases on their merits, especially given Plaintiff's consent to this application. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that "defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party"). For the reasons described above, Defendants respectfully requests that the Court set aside the entry of default.

Defendants thank the Court for its attention to this matter, and for its consideration of this consented-to application.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ John W. Egan*

John W. Egan

JWE
Enclosures

> The instant request is granted. The Clerk's Certificate of Default, Dkt. 16, is vacated. Defendants shall file the proposed answer on or before April 7, 2025. Defendants shall participate in the Initial Pretrial Conference scheduled for April 14, 2025, and in making the required joint pre-conference filings, *see* Dkt. 17. The Clerk of Court is respectfully directed to close Docket Number 20.
>
> SO ORDERED.
> Date: April 3, 2025
> New York, New York
>
> JOHN P. CRONAN
> United States District Judge